UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 4:20-cr-798-HEA-1 ) |
| NICHOLAS PONTIUS, | ) ) |
| Defendant. | ) |

**SENTENCING MEMORANDUM**

COMES NOW Defendant, Nicholas Pontius, by and through counsel, and files the following memorandum to propose amendments to two suggested special conditions of supervised release.

I.

A suggested special condition of supervised release prohibits Pontius from contact with anyone under the age of 18 without the prior permission of the probation office. Pontius does not object to this condition. He does, however, ask this Court to amend the condition to allow supervised contact with his nephew without the prior permission of the probation office.[1]

Courts have broad discretion to impose conditions of supervised release, so long as the conditions imposed are "reasonably related" to the factors listed at 18 U.S.C. § 3583(d) and "involve[] no greater deprivation of liberty than is reasonably necessary." 18 U.S.C. § 3583(d). Conditions that broadly restrict constitutionally protected interests require greater scrutiny, though. *See United States v. Crume*, 422 F.3d 728, 733 (8th Cir.2005) ("we are particularly reluctant to uphold sweeping restrictions on important constitutional rights."). The

---

[1] Pontius' parents and/or the parents of Pontius' nephew will provide this supervision.

1

relationship between a parent and child is a fundamental interest protected by the Constitution. *See Quinlan v. Walcott*, 434 U.S. 246, 255(1977) ("We have recognized on numerous occasions that the relationship between parent and child is constitutionally protected.") (citations omitted); *see also Meyer v. Nebraska*, 262 U.S. 390, 399 (1923) (noting due process of law includes the right to "establish a home and bring up children."); *United States v. Davis*, 452 F.3d at 995 (8th Cir. 2006) ("The relationship between a parent and child is a fundamental liberty interest protected by the due process clause."). But the Supreme Court has recognized familial rights in relationships beyond that between parent and child. *See Moore v. City of East Cleveland*, 431 U.S. 494, 496, 505-06 (1977) ("The tradition of uncles, aunts, cousins, and especially grandparents sharing a household along with parents and children has roots equally venerable and equally deserving of constitutional recognition.")

Pontius' has a two-year-old nephew. Pontius' brother, Michael, and Alicia Wylie are the parents of the child. Michael and Alicia have submitted affidavits attesting to their knowledge of the facts of the case, their close relationship with Pontius, and their wish for his involvement in the life of their child unconditioned on the prior approval of the probation office. *See* Exhibits 1 and 2 (Affidavits of Michael and Pontius and Alicia Wylie). In addition, Pontius lives with his parents. His parents commonly babysit and visit with their grandson, Pontius' nephew. Without permission for supervised contact with his nephew, Pontius will have to leave the home each time his parents babysit or visit with their grandchild on relatively short notice.[2] Notably, Pontius' offense involves no contact or communication with a child, and no evidence indicates that he poses a threat to children, let alone his nephew. In fact, quite the opposite. *See, e.g.*,

---

[2] Probation office permission for contact with a person under the age of 18 commonly takes two or more weeks to obtain. To obtain permission, the supervised releasee must discuss the proposed contact in group therapy, provide a written safety-plan, secure the permission of the group therapy provider, and then obtain the permission of the probation officer. This process cannot accommodate spontaneous or short-notice requests for supervised contact.

Letter from Dr. Dean Rosen, Ph.D. Given the facts of the case, the affidavits submitted to this Court, and the familial interests involved, this Court should permit Pontius to have supervised contact with his nephew without the prior permission of the probation office. Other courts within this jurisdiction have done the same for similarly situated child pornography defendants with nieces and nephews. *See, e.g.*, *United States v. Christopher Hager*, 4:14-cr-392 (EDMO 2014), Judgment p. 4 [Doc. Text #106] (permitting possession of child pornography defendant to have supervised contact with "his nephew and two nieces" without the prior permission of the probation office); *see also United States v. Brian Duesenberg*, 4:15-cr-488 ERW (EDMO 2015), Judgment p.4 [Doc. Text #93] (permitting possession of child pornography defendant to have supervised contact with his "naturally born nieces and nephews" without the prior permission of the probation office).

### III. Condition 2

A second suggested condition of supervised release prohibits Pontius from possessing a computer and using the internet without the prior permission of the probation office. Pontius does not object to this condition. He does, however, ask this Court to amend it to allow him to possess and use one internet accessible smartphone without the prior permission of the probation office, provided (1) he allows the probation office to install software to monitor the phone's activity and (2) he allows the probation office to randomly search the phone.

The Eighth Circuit has approved like conditions for defendants convicted of receipt and possession of child pornography and, on occasion, vacated conditions imposed on this same class of defendants that hinge computer use and internet access on the prior approval of the probation office. *See, e.g.*, *United States v. Crume*, 422 F.3d 728 (8th Cir. 2005) (vacating computer and internet use prior approval condition for defendant with a "lengthy history of grievous sexual

3

misconduct" because conditions that involve a less substantial deprivation of liberty were available, namely, software monitoring, random searches, and court imposed limits on the categories of websites and internet content the defendant could access); *United States v. Wiedower*, 634 F.3d 490 (8th Cir. 2011) (vacating computer and internet use prior approval condition for defendant who received and possessed child pornography); *United States v. Deatherage*, 682 F.3d 755 (8th Cir. 2012) (affirming computer and internet access condition for child pornography defendant, where the condition permitted computer use and internet access so long as defendant agreed to installation of monitoring software and random searches conducted by the probation office).

Other courts of appeals have vacated prior approval conditions, too, even under more serious circumstances. *See, e.g.*, *United States v. Holena*, 906 F.3d 288, 292-293 (3rd Cir. 2018) (holding smartphone use prior approval condition too broad as applied to a child enticement defendant who committed his offense through the internet); *United States v. Hinkel*, 837 F.3d 111, 126 (1st Cir. 2016) (finding prior probation officer approval condition for child enticement offender a greater deprivation of liberty than reasonably necessary, given the internet's integral role in daily life and the less liberty infringing means available to monitor the defendant's internet activity); *United States v. Sofsky*, 287 F.3d. 122, 126-127 (2nd. Cir. 2002) (finding prior approval condition a greater restriction on liberty than reasonably necessary to achieve the purposes of supervised release, given the availability of software monitoring and random searches by the probation office).

Moreover, in light of these and like cases, courts within this and other districts have permitted defendants like Pontius to possess and use one software monitored, randomly searched smartphone without the prior permission of the probation office. *See*, e.g., *United States v. James*

4

*Young*, 3:19-cr-20031 NJR (SDIL 2019) (receipt of child pornography); *United States v. Rodney Limpiphiphatn*, 4:18-cr-106 AGF (EDMO 2018) (receipt and possession of child pornography); *United States v. Justin Robart*, 4:17-cr-598 AGF (EDMO 2017) (receipt of child pornography); *United States v. Robert Scott Brown*, 4:17-cr-255 RWS (EDMO 2017) (possession of child pornography); *United States v. Timothy Carron*, 4:15-cr-160 AGF (EDMO 2015) (possession of child pornography); *United States v. Christopher Hager*, 4:14-cr-392 AGF (EDMO 2014) (possession of child pornography).

Here, Pontius did not use a smartphone to send child pornography to others or to contact a child. And tellingly, without incident, he has possessed and used an internet accessible smartphone while on pretrial release for more than a year. He has thus demonstrated his capacity to use a smartphone consistent with court-imposed limits and shown that a smartphone/internet prior approval condition in his case involves a greater deprivation of liberty than is reasonably necessary given the alternatives available to this Court.

Respectfully submitted,

By:  /s/ Adam D. Fein

Adam D. Fein, # 52255 MO
Attorney for Defendant
120 S. Central Avenue, Suite 130
Clayton, Missouri 63105
(314) 862-4332
afein@rsflawfirm.com

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 6, 2022, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Mr. Kyle T. Bateman, Assistant United States Attorney.